IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HEATHER MARIE M., ) | |
| ) | No. 20 C 3539 |
| Plaintiff, ) | |
| ) | Magistrate Judge M. David Weisman |
| v. ) | |
| ) | |
| KILOLO KIJAKAZI, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Heather Marie M. appeals the Acting Commissioner's decision denying her application for Social Security benefits. For the reasons set forth below, the Court affirms the Acting Commissioner's decision.

### Background

On March 22, 2017, plaintiff filed an application for benefits, which was denied initially, on reconsideration, and after a hearing. (R. 17-29, 93, 104.) The Appeals Council declined review (R. 1-3), leaving the ALJ's decision as the final decision of the Acting Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

### Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous,

it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002) (citation omitted).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a). The Acting Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. 20 C.F.R. § 404.1560(c)(2); *Zurawski*, 245 F.3d at 886. If that burden is met, at step five, the burden shifts to the Acting Commissioner to establish that the claimant is capable of performing work existing in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity from the amended alleged disability onset date, June 3, 2009, through her date last insured ("DLI"), September 30, 2012. (R. 19.) At step two, the ALJ determined that, through the DLI, plaintiff had the severe impairments of migraines, degenerative disc disease, depression, and anxiety. (*Id.*) At step three, the ALJ found that, through the DLI, plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed

2

impairments. (*Id.* at 20.) At step four, the ALJ found that, through the DLI, plaintiff could not perform any past relevant work but had the RFC to perform light work with certain exceptions. (R. 21-28.) At step five, the ALJ found that, through the DLI, jobs existed in significant numbers in the national economy that plaintiff could have performed, and thus she was not disabled. (R. 28-29.)

Plaintiff first argues that the ALJ misinterpreted the regulation regarding duration of disability, which states: "Unless your impairment is expected to result in death, it must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. § 404.1509. The ALJ said plaintiff's medical records "do not suggest that [her] headaches were of disabling severity for an ongoing period of twelve-months beginning prior to her [DLI]." (R. 26.) Plaintiff contends this statement shows the ALJ erroneously believed that all twelve months of her disability had to occur before the DLI. (ECF 19 at 9.) But the plain language of the ALJ's statement belies this argument. The ALJ said plaintiff's headaches had to be disabling for a twelve-month period that began before the DLI, which is precisely what the regulation requires.

Plaintiff also argues that the RFC is flawed because it does not account for the absences and off-task time that her headaches cause. The ALJ noted plaintiff's testimony about missing work because of her headaches, but he also noted that her employment records did not reflect excessive absenteeism. (R. 23.) Similarly, though plaintiff said she could not tolerate light or sound, the ALJ noted that there was little support for photophobia or phonophobia in her pre-DLI medical records. (*Id.*) Moreover, the ALJ pointed out that plaintiff's pre-DLI medical records showed that: (1) her chronic headaches were due to overuse of opiates; (2) plaintiff continued to consume headache-triggering foods like chocolate and had not kept a headache diary as her neurologist directed; (3) plaintiff's headaches were greatly improved by taking Inderal and Botox;

3

and (4) plaintiff did not see a neurologist for her headaches between March 2010 and March 2012. (R. 24-26; *see* R. 628-30, 636, 640-42.) In short, though it does not provide for extra breaks or off-task time, the RFC fashioned by the ALJ is supported by substantial evidence.

Lastly, plaintiff contends that the ALJ breached his duty to develop a full and fair record by ending plaintiff's examination of the medical expert ("ME"). *See Nelms v. Astrue*, 553 F.3d 1093, 1098 (7th Cir. 2009) ("While a claimant bears the burden of proving disability, the ALJ in a Social Security hearing has a duty to develop a full and fair record."). The hearing transcript shows that the ME was unable or unwilling to answer the questions posed to him, which prompted the ALJ to say:

> Excuse me, doctor. You're doing it again. You're not answering the question that you've been asked. The attorney asked you a question that should appropriately be responded, "yes" or "no." And, instead, you are rephrasing the question and I don't know why you are doing that. But at this point, counsel, I'm not persuaded that we can get any useful testimony from this [ME]. Do you wish to proceed?

(R. 46-53.) Plaintiff's counsel opted to proceed, the ME continued to be nonresponsive, and the ALJ excused the ME from the hearing. (R. 53.) The ALJ denied plaintiff's counsel's subsequent motion to strike the ME's testimony, but he gave the testimony no weight. (R. 27.) Thus, even if the ALJ erred by truncating the ME's testimony, an issue the Court does not decide, that error was harmless. *See Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010) ("The doctrine of harmless error indeed is applicable to judicial review of administrative decisions."); *see also McKinzey v. Astrue*, 641 F.3d 884, 892 (7th Cir. 2011) ("[W]e will not remand a case to the ALJ for further specification where we are convinced that the ALJ will reach the same result.").

**Conclusion**

For the reasons set forth above, the Court affirms the Acting Commissioner's decision, grants the Acting Commissioner's motion for summary judgment [24], and terminates this case.

**SO ORDERED.**                          **ENTERED:  August 15, 2022**

**M. David Weisman**
**United States Magistrate Judge**